Filed 1/28/25  P. v. Singleton CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082584 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SF113913) |
| MAHCON JABBAR SINGLETON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Reversed and remanded with directions.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, Steve Oetting and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Mahcon Jabbar Singleton appeals from a 2023 order denying him resentencing under Penal Code section 1172.75.[1] The court ruled that because in 2022 a different judge struck Singleton's prior prison enhancements (§ 667.5, subd. (b)) and he was not currently serving any prison time that included a prison prior, he was not entitled to relief under section 1172.75.

Singleton contends the court erred by declining to recall his sentence and conduct a full resentencing under section 1172.75. He points to this court's decision in *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted Feb. 21, 2024, S283189 (*Christianson*) and the split it caused with *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169.) He further contends the court's 2022 sentence was unauthorized because it is longer than his original sentence; the court violated his right to be present at the 2022 and 2023 hearings when the court addressed his prison prior enhancements under section 667.5 subdivision (b) upon the recommendation of the California Department of Corrections and Rehabilitation (CDCR); and the court failed to comply with section 1172.75's requirement that it consider changes in sentencing laws. He separately argues the court failed to properly grant him any presentence or post sentence credit days.

The People argue the court's 2022 order is final and Singleton can no longer challenge it on appeal. They add that because the court struck Singleton's prison prior enhancements, he is not entitled to resentencing under section 1172.75: "Since punishment for the prison prior was stricken in December 2022, [Singleton's] judgment in 2023 did not include an imposed and executed (or stayed) prior prison term enhancement that carried a one-

---

1    Undesignated statutory references are to the Penal Code.

2

year term of incarceration, as required for relief under section 1172.75. Consequently, Judge Rodriguez properly denied relief because 'he's not presently serving a prison term that includes the addition of any additional prison priors[,]' which put him outside the resentencing scope of section 1172.75."

The People concede Singleton is entitled to 9,404 actual days plus 51 conduct credits, and propose that "in the interest of judicial economy," we treat this matter as a petition for writ of habeas corpus, grant it, and modify the judgment by granting Singleton the credits without ordering full resentencing.

We reverse and remand the order with directions that the court recall Singleton's sentence and conduct a full resentencing.

PROCEDURAL BACKGROUND

We omit the underlying facts of Singleton's conviction because they are not relevant to the appellate issues. In 1997, a jury convicted Singleton of robbery (§ 211; counts 1, 4, 6, 8, 10, 12), assault with a firearm (§ 245, subd. (a)(2); counts 2, 5, 7, 9, 11), false imprisonment by violence (§§ 236, 237; count 3), assault with a deadly weapon (§ 245, subd. (a)(1); count 13), assault on a peace officer (§ 245, subd. (d)(1); count 14), unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a); count 15), evading arrest with reckless driving (Veh. Code, § 2800.2; count 16), and firearm possession by a felon (§ 12021, subd. (a); count 17). It found true as to counts 1 through 13 that Singleton was armed with a firearm (§ 12022, subd. (a)), and as to count 14 that he used a firearm (§ 12022.5, subd. (a)). It also found true Singleton suffered two prison priors (§ 667.5, subd. (b), two serious felony priors (§§ 667, subd. (a)(1), 1192.7, subd. (c)(19)) and two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12). The court sentenced him in 1998.

3

In 2020, and 2022, the CDCR informed the court by letter that Singleton's sentence included two prior prison enhancements under section 667.5 that are now invalid as a matter of law under section 1172.75.[2]

In December 2022, the court responded by striking Singleton's two prior prison enhancements and affirmed that the correct prison term was 220 years to life.

In March 2023, the court issued an order noting that CDCR identified Singleton as a person serving a prison term that included an enhancement imposed under section 667.5, subdivision (b), which may be legally invalid under section 1172.75. The court appointed counsel for Singleton, set a status conference and invited the parties' input regarding whether his sentence should be recalled. It also invited the parties to request a full hearing on recall and resentencing.

At the June 2023 hearing, the attorneys did not present oral arguments but instead submitted on the court's ruling denying the CDCR's petition for resentencing: "[T]here was an amended abstract of judgment filed on December 19th of 2022[,] that removed his prison priors; therefore, he's not presently serving a prison term that includes the addition of any additional prison priors." Singleton timely filed a notice of appeal of this order.

---

[2]    CDCR informed the court that the abstract of judgment may be in error: "The indeterminate abstract of judgment reflects (two) case enhancement[s under section] 667.5[,subdivision] (b) with [one] year imposed [and one section] 667.5[,subdivision] (b) stayed. The minute order attached (page 2) reflects only [one] prison prior and as to the [first] prison prior, [one] year is imposed and stayed. [¶] The minute order reflects total term is 220 years to life. However, the sum of all felonies and enhancements is 221 years to life." (Some capitalization, bolding, and underlining omitted.)

4

DISCUSSION

A. *Applicable Law*

When first enacted, section 667.5, subdivision (b) required that a one-year enhancement be imposed for each prior prison term served (and was later amended to include jail terms served under section 1170, subdivision (h)), unless the defendant remained free of custody for at least five years. (Stats. 1976, ch. 1139, § 268; see *People v Jennings* (2019) 42 Cal.App.5th 664, 681.) In 2019, the Legislature amended section 667.5, subdivision (b) to bar enhancements for prior prison terms except for sexually violent offenses. (Stats. 2019, ch. 590, § 1.) Two years later, Senate Bill No. 483 (2021-2022 Sess.) made this change retroactive by enacting what is now section 1172.75. (Stats. 2021, ch. 728, § 3; see also Stats. 2022, ch. 58, § 12 [moving provision to § 1172.75].) Section 1172.75 states that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . [,] is legally invalid." (§ 1172.75, subd. (a).)

Section 1172.75 requires the secretary of the CDCR and county correctional administrators to identify any individual in their custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (b).) The section also requires the sentencing court to verify that "the current judgment includes a sentencing enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) If the sentencing court verifies that the judgment against an individual includes a now-invalid prison prior, the individual's sentence is recalled, and the individual is resentenced. (*Ibid.*) In resentencing, the court is required to apply any changes in the law reducing sentences or providing judicial discretion (§ 1172.75, subd. (d)(2)), and resentencing must result in a "lesser

5

sentence," unless such a sentence would endanger public safety (§ 1172.75, subd. (d)(1)).

The proper interpretation of a statute is a question of law that we review de novo, under well-settled standards. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) " ' "Our fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. . . . If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." ' " (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 165-166.) "We must look to the statute's words and give them their usual and ordinary meaning." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.)

B. *Analysis*

We preliminarily address the People's contention that we lack jurisdiction to review this matter because Singleton did not timely appeal from the 2022 ruling striking the section 667.5 subdivision (b) enhancements. We directly review the trial court's 2023 ruling that Singleton was ineligible for relief under section 1172.75 because he was not currently serving a sentence that includes any such enhancement. The fact that the trial court's ruling implicates the 2022 ruling does not deprive us of jurisdiction over the 2023 ruling. In any event, we may reach the merits of Singleton's argument even if it has been forfeited. (See *People v. Williams* (1998) 17 Cal.4th 148, 161-162, fn. 6 ["An appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party. [Citations.]

6

Indeed, it has the authority to do so"]; accord, *People v. Monroe* (2022) 85 Cal.App.5th 393, 400.)  Moreover, by addressing this issue and in the interest of judicial economy, we forestall an ineffective assistance of counsel claim by Singleton.

Our analysis of section 1172.75 and its legislative history leads us to conclude that it applies to enhancements, like Singleton's, which were stricken for purposes of sentencing, not just those that were imposed and executed.  First, the plain language of section 1172.75 does not limit its application solely to those defendants whose enhancements were executed.  Rather, the statute requires identification of "those persons in . . . custody currently serving a term for a judgment that includes an [invalid] enhancement. . . ." (§ 1172.75, subd. (b).)  Thus, the fact that the Legislature did not require that section 1172.75 apply only to those defendants actually serving a sentence for the enhancement indicates the Legislature did not intend to restrict relief to those defendants whose sentences have been both imposed and executed.  This position is consistent with our conclusion that section 1172.75 applies to enhancements which have been imposed but stayed.  (See, e.g., *Christianson, supra,* 97 Cal.App.5th at p. 305, review granted.)  As we stated in *Christianson*, "[I]f the Legislature . . . intended to limit section 1172.75 only to those individuals [who] were currently serving an additional term based on the enhancement, it had the ability to do so." (*Id.* at p. 313.)

Second, applying section 1172.75 to enhancements that were stricken for purposes of sentencing comports with the Legislature's express intent in " 'reducing sentences' " and ameliorating " ' "existing racial and socio-economic disparities in our criminal justice system." ' " (*People v. Saldana* (2023) 97 Cal.App.5th 1270, 1277, review granted Mar. 12, 2024, S283547.)

7

When an enhancement has been found true, it becomes part of the judgment and must be addressed as part of the sentencing process. Even when a sentencing enhancement was imposed but punishment struck, the fact of the enhancement remains and may adversely affect the defendant in other ways such as restricting the ability to accrue conduct credits or subjecting the defendant to additional punishment for future convictions. (*In re Pacheco* (2007) 155 Cal.App.4th 1439, 1444 [discussing enhancement for inflicting great bodily injury]; see also *People v. Fuentes* (2016) 1 Cal.5th 218, 225-226 ["even if the *punishment* is struck, an enhancement finding could impact defendant in a future case"], italics in original.)

We additionally agree with the sole published case to address this issue, which concluded that section 1172.75 applies to enhancements that were stricken at sentencing. (*People v. Espino* (2024) 104 Cal.App.5th 188, 194, review granted Oct. 23, 2024, S286987.) The *Espino* majority held there is no articulable reason to differentiate between section 667.5 subdivision (b) enhancements that have been executed, stayed, or stricken for purposes of sentencing. In each instance, the judgment contains a now-invalid enhancement for a prior prison term, regardless of how the court originally addressed such enhancement.

Accordingly, the plain language of the statute, legislative intent, and case law support the conclusion that defendants subject to now-invalid section 667.5, subdivision (b) enhancements are entitled to a full resentencing hearing, regardless of whether the enhancement was imposed. We therefore reverse the trial court's order denying Singleton's request for resentencing, and direct the trial court to apply "any other changes in law that reduce sentences or provide for judicial discretion." (§ 1172.75, subd. (d)(2).)

8

In light of the above, we need not address Singleton's other appellate claims, including that the trial court violated his right to be present at the resentencing hearings.

## DISPOSITION

The order denying Singleton's petition for recall and resentencing is reversed and the matter is remanded to the trial court for resentencing under section 1172.75 and current law.  Upon conclusion of the new sentencing hearing, the court is directed to award Singleton the proper amount of presentence and post sentence credit days, prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

O'ROURKE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


IRION, J.

9